William J. Burke, Esq. Informal Opinion Chief Deputy County Attorney No. 96-42 County of Suffolk 158 North County Complex 725 Veterans Memorial Highway Hauppauge, N Y 11787-4311
Dear Mr. Burke:
You have asked whether copies of the autopsy reports of the victims of TWA Flight 800 may be released to the representatives of the victims' estates. In your inquiry, you state that your research indicates that subsection 3(b) of section 677 of the County Law is controlling. You have informed us that you have advised the medical examiner that under subsection 3(b) the reports must be made available to representatives of the victims' estates.
We concur with your conclusion that section 677(3)(b) of the County Law mandates that copies of the autopsy reports be made available to the representatives of the victims' estates. That subdivision provides:
 Upon application of the personal representative, spouse or next of kin of the deceased to the coroner or the medical examiner, a copy of the autopsy report, as described in subdivision two of this section shall be furnished to such applicant.
See, section 1-2.13 of the Estates, Powers and Trusts Law for the definition of a "personal representative" of an estate and Article 14 of the Surrogate's Court Procedure Act regarding the designation of the "personal representative".
We note, however, that the TWA Flight 800 crash is under investigation by Federal authorities. As chief legal officer of the State, the Attorney General issues opinions to State agencies and local governments construing the provisions of State law only. We render no opinions as to Federal law or regulations. Particularly in order to protect the integrity of the ongoing Federal investigation, we urge you to contact appropriate Federal authorities for a determination whether any Federal requirements affect the availability of the autopsy reports.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions